IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

| | |
|---|---|
| DONALD W. WILHITE, ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | DOCKET NO.: 5:13CV-56-R |
| v. ) | JURY DEMAND (12) |
| ) | |
| WAL-MART STORES, INC. d/b/a ) | |
| WAL-MART DISTRIBUTION ) | |
| CENTER, ) | |
| ) | |
|     DEFENDANT. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Donald W. Wilhite, by and through the undersigned counsel, and would show unto this Honorable Court a cause of action as follows:

1. Plaintiff, Donald W. Wilhite, is a citizen and resident of Hopkinsville, Christian County, Kentucky.

2. Defendant, Wal-Mart Stores, Inc. d/b/a Wal-Mart Distribution Center, (hereinafter "Defendant") is a foreign corporation doing business in Hopkinsville, Christian County, Kentucky.

3. The events giving rise to this matter took place in Hopkinsville, Christian County, Kentucky, at Defendant's facility located at 690 Crenshaw Boulevard, Hopkinsville, Kentucky 42240.

4. Jurisdiction and venue in this matter are proper because the events giving rise to this matter took place in Hopkinsville, Christian County, Kentucky, at the Defendants' facility. The Plaintiff also resides in Hopkinsville, Christian County, Kentucky and this matter involves a

federal question under the Americans with Disabilities Act Amendments Act of 2008, 42 USC § 12101 et seq.

5. The Plaintiff was hired by the Defendant on or about October 24, 2006.

6. On or about March 20, 2010, Plaintiff suffered injuries to his wrist during the corse and scope of his employment with Defendant.

7. The Defendant initially accepted the Plaintiff's workers' compensation claim and pursuant to its policy accommodated the Plaintiff's work restrictions because the Plaintiff's workers' compensation claim was accepted.

8. The Defendant later disputed the Plaintiff's workers compensation claim and asserted that the injury was pre-existing and based on it policy refused to accommodate the Plaintiff' work restrictions, injuries and disability.

9. On or about August 2, 2010 Defendant required the Plaintiff to apply for and take FMLA leave until such time as he was released to return to work full duty without restrictions.

9. Plaintiff was required to enter into litigation with the Defendant Employer to establish that his work injury was a compensable claim. The Plaintiff submitted evidence and went through a hearing and ultimately the assigned Administrative Law Judge ultimately ordered and awarded workers' compensation benefits to him on or about May 22, 2011.

10. Between August 2010 and through the date of his termination, the Defendant Employer informed the Plaintiff on several occasions that the Plaintiff would only be able to return to work if he was released full-duty without work restrictions. Further, the Defendant Employer requested that the Plaintiff talk to his doctor and see if he could be released without restrictions.

10. The Defendant contacted the Plaintiff on or about August 11, 2011 requesting that

the Plaintiff provide a specific date when he could return to work without restrictions. Since Plaintiff's surgery was scheduled in the near future, the Plaintiff was unable to give a specific return to work date.

11. Plaintiff had surgery for his work-related injury on or about August 18, 2011.

12. On or about September 12, 2011, Plaintiff was terminated for failing to return to work from medical leave by a required date even after the Defendant Employer had forced the Plaintiff to take extended medical leave because the Defendant disputed his workers' compensation claim.

13. At all relevant times set forth herein, the Defendant Employer failed to engage in an interactive process with the Plaintiff to determine if there was a reasonable accommodation available for the Plaintiff.

14. Plaintiff avers that the Employer's stated reason for his termination is merely pretextual and that he was actually terminated because of his disability and/or perceived disability or, in the alternative, in retaliation for pursuing a workers' compensation claim.

15. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated March 25, 2013.  (See Notice attached as Exhibit 1).

## III.
## CAUSE OF ACTION

16. The foregoing facts are incorporated herein and Plaintiff pleads in the alternative, assertions of employment discrimination separately through each subheading A and B.

### A. Disability Discrimination

17. Plaintiff asserts that there is a causal connection between Defendant's poor treatment, disparate treatment, and discrimination and the Plaintiff's disability or perceived

disability in violation of thee Americans with Disabilities Act Amendments Act of 2008, 42 USC § 12101 et seq.

17. At all relevant times herein:

    (a) Plaintiff was qualified for the position he held with the Defendant;

    (b) Plaintiff was disabled and/or the Defendant perceived or regarded Plaintiff as disabled;

    (c) Defendant refused to provide a reasonable accommodation for the Plaintiff;

    (d) Defendant failed to engage in an interactive process with the Plaintiff to determine if a reasonable accommodation could be made;

    (e) Defendant engaged in an unlawful discriminatory employment practice with its policy of only accommodating employees with disabling injuries who have accepted workers compensation claims and forcing other employees with disabling injuries to take FMLA leave;

    (f) Plaintiff suffered an adverse employment action because of his actual and/or perceived disability.

### B. Workers' Compensation Retaliation

18. Plaintiff incorporates paragraphs 1-14 of this complaint and, in the alternative, pleads the following assertions of .

19. At all times relevant dates and times set forth herein:

    a) Plaintiff was employed by Defendant;

    b) Plaintiff properly sought workers' compensation benefits for injuries that occurred in the course and scope of his employment with the Defendant

        Employer;

    c)    Defendant discriminated against the Plaintiff and discharged before he reached maximum medical improvement for his work related injuries; and

    d)    Defendant employer consistently harassed and discriminated against Plaintiff after for pursuing his workers compensation claim;

    e)    The Defendant Employer engaged in an unlawful employment practice in violation of KRS Section 342.197.

20.    Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THIS COMPLAINT be served upon Defendant, they be compelled to Answer, and the Plaintiff be awarded all compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, and equitable relief allowed.

Respectfully submitted,

**THE LAW OFFICE OF DONALD D. ZUCCARELLO**

/s/ Donald Zuccarello
Donald D. Zuccarello, [BPR No. 90951]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
Facsimile: (615) 259-8108
Attorney for the Plaintiffs.

## COST BOND

I, Donald D. Zuccarello, am surety for the court costs in this cause.

/s/ Donald Zuccarello
Donald D. Zuccarello